(101 South. 185)
## In re OPINIONS OF THE JUSTICES.

## In re AMENDMENT TO SECTION 93 OF THE CONSTITUTION.

### (No. 2.)

(Supreme Court of Alabama.   July 21, 1924.)

*(Syllabus by the Court.)*

Statutes  ⬄23—Constitutional  requirement that two-thirds of members of each house of Legislature concur in creation of new state debt held inapplicable to acts authorizing state to engage in construction and operation of harbors.

Provisions of section 213 of the Constitution requiring concurrence of two-thirds of the members of each house of the Legislature in the creation of any new debt against the state, have no application to Acts of the Legislature carrying into effect the provision of the amendment to section 93 of the Constitution, authorizing the state by appropriate laws to engage in the work of promoting, developing, constructing, maintaining, and operating all harbors or seaports within the state, since said amendment by necessary implication amended or repealed section 213 so as to exclude from its operation the subjects embraced in said amendment; compliance only with general constitutional provisions in the passage of such "appropriate laws" being necessary.

Harwell G. Davis, Atty. Gen., James J. Mayfield, Legal Advisor to the Governor, of Montgomery, and Thomas C. McClellan, General Counsel of the State Docks Commission, of Birmingham, file brief with the Justices.

The houses of the Legislature are organized to discharge the legislative function

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

when a quorum is present, and there is a quorum when a majority of the members elected to the house are present. Const. 1901, § 52; State ex rel. Meyer v. Greene, 154 Ala. 249, 46 South. 268; Farmers' Co. v. McIntosh, 1 Ala. App. 407, 56 South. 102. The grant by amended section 93 of power to the Legislature to pass appropriate laws in the premises, being without restriction or exception, was a grant to the Legislature when legally organized to discharge its function as above shown. 25 R. C. L. 972. Amended section 93 was not intended as an amendment of, but superseded, section 213 to the extent of the repugnancy between them. The amendment is the last expression of the will of the people, confers powers in general terms, and omits from its expression any exception from the scope of its provisions. In re Opinion of the Justices, 209 Ala. 593, 96 South. 487. Amended section 93 having superseded the paramount provision of section 213, the inhibition against the creation of any debts, likewise superseded the subordinate provision for a two-thirds vote in the exceptional instances stated. In re Opinion of the Justices, supra.

Chambers of the Justices.

July 21, 1924.

To the Governor, Hon. Wm. W. Brandon, State Capitol:

The following communication, formulated and presented as the Advisory Opinion Act purports to authorize, has been received by the justices. The questions propounded have been considered with the most thorough care by the justices signing the responses to be stated to the questions thus propounded by you:

"State of Alabama, Executive Department.

"Montgomery, Alabama, July 15, 1924.

"To the Honorable, the Justices of the Supreme Court of Alabama—Gentlemen: Whereas, important constitutional questions have arisen in the respects to be indicated, the answers to which will give more confidence and assurance to the validity and constitutionality of the contemplated act of the Governor of Alabama, and in pursuance of the authority of the Act of the Legislature, approved February 15, 1923, 'To provide for obtaining the opinion of the justices of the Supreme Court, or a majority thereof, upon such constitutional questions,' I deem it advisable to request your opinion and opinions on the following questions, to wit:

"First. Is the following provision of section 213 of the Constitution of Alabama, 'and then only by a concurrence of two-thirds of the members of each house of the Legislature,' applicable to an act carrying into effect the following provisions of amended section 93 of the Constitution of Alabama: 'And when authorized by appropriate laws passed by the Legislature, the state may at a cost, not to exceed ten million dollars, engage in the work of internal improvement, of promoting, developing, constructing, maintaining, and operating all harbors or seaports within the state or its jurisdiction, provided that such work or improvement shall always be and remain under the management and control of the state, through its state harbor commission, or other governing agency?'

"Second. Does two-thirds as used in section 213 of the Constitution mean two-thirds of the members elected to the respective houses, or two-thirds of those present and voting, provided there be a quorum present and voting?

"Third. Did amended section 93 of the Constitution, authorizing the state to engage in the improvement of its harbor or seaports affect to subject legislation carrying into effect such authorization for seaport development, to the provision in section 213 of the Constitution requiring the concurrence of two-thirds of the members of each house of the Legislature in order to incur a debt or debts for the development and improvement of the seaports of the state?

"Very respectfully submitted,

"Wm. W. Brandon, Governor."

The undersigned justices are of the opinion that section 213 of the Constitution of 1901 has no application to the act carrying into effect the constitutional amendment relative to the harbor or seaport improvement.

We think that this question was, in effect, settled by the opinion of a majority of the justices reported in 209 Ala. 593, 96 South. 487.

The question there arose that, notwithstanding section 93 was amended by the Port Amendment so as to authorize the state to engage in internal improvement, section 213 had not been modified or repealed so as to authorize the state to incur any indebtedness except for the purposes and in the manner there designated. We were then of the opinion, and so expressed ourselves, that, while the amendment made no express reference to section 213 of the Constitution, there was a conflict or repugnancy and a repeal or amendment by necessary implication of said section 213 so as to exclude therefrom the special or excepted subject dealt with in the amendment. In other words, section 213 was left to deal with and control the general subject dealt with, except the one excluded from its operation by the Port Amendment. The amendment authorizes the Legislature, by appropriate laws, to put the same into effect, and, no special mention being made as to methods or the necessary vote, the general constitutional provisions control, and a compliance with the requirements of section 213 was not necessary.

We think that this response renders it unnecessary to answer your second inquiry.

JNO. C. ANDERSON,

Chief Justice.

ORMOND SOMERVILLE,
LUCIAN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,

Associate Justices.

Justices SAYRE and MILLER decline to respond, for reasons set forth in their opinion reported in 209 Ala. 593, 96 South. 487.